IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON LEE ANDERSON #02223281 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv117 |
| CAROL MAROE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jason Lee Anderson, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil lawsuit and has been granted leave to proceed as a pauper. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff alleges that a regional director of the TDCJ has perpetrated an ongoing "terrorist attack" on him since 2021, consisting of poisoning him with iron and psychologically torturing him through a technique known as "Spiritual Imagination," as seen in the movie "What Dreams May Come," starring Robin Williams. (Dkt. #9 at 4, 6.) His allegations are rambling and occasionally illegible, but they include claims that the Defendant "planned 9-11-2001 and all those mass shooting and suicides," that he is responsible for the COVID-19 pandemic, and "has a plan for War War III [sic]." (*Id.* at 7.) The stated relief sought is involves locating Hollywood agents who know how to use "Spiritual Imagination," sending the F.B.I. to the Coffield Unit, and having Plaintiff pulled out of prison. (*Id.* at 4.)

**I. Legal Standards and Preliminary Screening**

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding as a pauper, so his complaint is subject to preliminary screening pursuant to

the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915A, 1915(e)(2). Those statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

**II. Discussion and Analysis**

Plaintiff's claims, as described above, are facially implausible and subject to dismissal as factually frivolous. *See Starrett v. United States Dep't of Def.*, 763 F. App'x 383, 383–844 (5th Cir. 2019) (affirming dismissal of "outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology" brought against "a wide variety of government agencies and private companies" because the "pleaded facts are facially implausible"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-918 (11th Cir. 2013) (affirming dismissal of complaint as frivolous where plaintiff alleged that government officials implanted microchips in her body that caused her injury and pain).

This Court has previously dismissed claims that "appear to be spun entirely from fantasy." *Lewis v. Country of Russia*, No. 4:18-00124, 2019 WL 2246574, at *3 (E.D. Tex. Apr. 1, 2019), *report and recommendation adopted*, No. 4:18-CV-124, 2019 WL 2225358 (E.D. Tex. May 23, 2019). And it has recently dismissed a similar lawsuit on the same basis. *Dowell v. Austin*, No. 6:23-cv-239 (E.D. Tex. Aug. 15, 2023) (dismissing because Plaintiff's claims of "being hurt and brainwashed by microwave radiation" are "facially implausible and are properly subject to dismissal"). Plaintiff's amended complaint should therefore be dismissed as frivolous.

**III. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint is frivolous and fails to state a claim for which relief can be granted. Dismissal is appropriate where Plaintiff has already had a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended

his complaint once" and been afforded "an opportunity to further flesh out his claims"). Dismissal is therefore appropriate here.

## RECOMMENDATION

Accordingly, the undersigned recommends that this lawsuit be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 1st day of May, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE